UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERT W. WATSON, JR., ABOC CERTIFIED OPTICIAN

                Plaintiff,

-against-

ALFRED CHARLES SHARPTON, JR. BAPTIST MINISTER CIVIL RIGHTS/SOCIAL JUSTICE; NYPD 028 PRECINCT; OFFICER CHRISTOPHER C. KRAEMER #15618; POLICE OFFICER MD. J. UDDIN #12096; KATRINA JEFFERSON; SHANNON MURRAY; CONNERY O'BRIEN; LMSW JENNY DROSSMAN ASSISTANT VP OF GODDARD RIVERSIDE; LMSW AWILDA CORTEZ-BEN MELECH; STEPHANIE DOE; MPA KWIKESH L. BANKS; APRIL DOE; JACK VICKERY; GENADIY PORTNOY; FELIPE SOLIS; DET. KEVIN EARL # 1737; MD SAN MIGUEL; TIWIARI SHRUTI,

                Defendants.

24-CV-6916 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

      Plaintiff Robert W. Watson, Jr. filed this *pro se* action under 42 U.S.C. § 1983. By order dated November 20, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. This action is dismissed for the reasons set forth below.

## STANDARD OF REVIEW

      The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## BACKGROUND

On September 6, 2024, Plaintiff filed this complaint naming: (1) Alfred Charles Sharpton, Jr., "Baptist Minister Civil Rights/Social Justice"; (2) the 28th Precinct of the New York Police Department ("NYPD"); (3) NYPD Officer Christopher C. Kraemer; (4) NYPD Officer Md. J. Uddin; (5) NYPD Detective Kevin Earl; (6) Katrina Jefferson; (7) Shannon Murray; (8) Connery O'Brien; (9) LMSW Jenny Drossman, "Assistant VP of Goddard Riverside"; (10) LMSW Awilda Cortez-Ben Melech; (11) Stephanie Doe; (12) MPA Kwikesh L. Banks; (13) April Doe; (14) Jack Vickery; (15) Genadiy Portnoy; (16) Felipe Solis; (17) Gateway Properties L.P.; (18) MD San Miguel; and (19) Tiwiari Shruti. (ECF 1.) Of the 72 pages that comprise Plaintiff's complaint, 55 are service documents, including summonses and waiver of service forms. (ECF 1 at 15-70.) Also attached to the complaint is a "Designated Representative Appointment Form" from the 9/11 World Trade Center Health Program. (*Id*. at 13-14.) Plaintiff seeks money damages for unspecified "Economic" and "Non-Economic" harm. (*Id*. at 5.)

2

The complaint provides few facts about the events giving rise to this action. Plaintiff previously filed five complaints naming many of the same Defendants who are named in this complaint, however, and those complaints provide context for this matter.

1.      *Watson v. O'Brien*, No. 23-CV-8958 (LTS) ("*Watson I*")

On October 11, 2023, Plaintiff filed a complaint naming Sharpton, O'Brien, Jefferson, and Shruti, among others.[1] That complaint suggests that Plaintiff filed a claim with the September 11th Victim Compensation Fund ("VCF") and was dissatisfied with the award he received. *Watson I*, ECF 5 at 4. Plaintiff further alleged that Shruti "violate[d] September 11th policy and procedures," and that he had informed Sharpton that his mother, Evelyn Watson, passed away on September 11, 2020. *Id.*, ECF 5 at 3.

By order dated March 1, 2024, the Court dismissed the complaint because: (1) the complaint did not allege facts suggesting that the private Defendants, including Sharpton, O'Brien, or Jefferson, acted under color of state law for purposes of liability under 42 U.S.C. § 1983; (2) the complaint did not contain facts suggesting that any state actor, including Shruti, had violated Plaintiff's constitutional rights; and (3) Plaintiff's claims arising out of 9/11 could not proceed because Plaintiff had filed a claim with the VCF, thus waiving his right to bring those claims in federal court. *Id.*

2.      *Watson v. Sharpton*, No. 23-CV-9716 (LTS) ("*Watson II*")

On November 2, 2023, Plaintiff filed a complaint alleging that: (1) he was a "living victim" of the 9/11 terrorist attack; (2) his mother passed away on September 11, 2020; (3) when

---

[1] That complaint identifies Sharpton as Chief Executive Officer of the National Action Network's ("NAN") House of Justice; Jefferson as affiliated with NAN; O'Brien as an employee of the Center for Urban Community Services; and Shruti as a psychiatrist at Elmhurst Hospital in Queens County, New York. *Watson I*, ECF 1 at 1.

he sought assistance from Sharpton, Murray, and Jefferson, they mistreated him; and (4) O'Brien, a housing specialist, and Drossman, her supervisor, called the police on him. *Watson II*, ECF 5 at 4.

On January 2, 2024, the Court dismissed the complaint with leave to replead for the following reasons: (1) there were no allegations in the complaint showing that the private Defendants, including Sharpton, O'Brien, Jefferson, Murray, and Drossman were state actors; (2) the complaint did not contain facts suggesting that any Defendant, including Shruti, had violated Plaintiff's constitutional rights; and (3) it appeared that Plaintiff had waived his right to bring 9/11-related claims in federal court. *Id.*, ECF 5. Plaintiff filed an amended complaint, and on February 29, 2024, the Court dismissed the amended complaint because it did not remedy the deficiencies in the original pleading as set forth in the January 2, 2024 order. *Id.* ECF 8.

### 3.     *Watson v. DeBlasio*, No. 24-CV-6826 (LTS) ("*Watson III*")

On August 29, 2024, Plaintiff filed a complaint naming the same Defendants who are named in this complaint – Sharpton, Jefferson, O'Brien, Murray, Drossman, Shruti, San Miguel, Cortez, Banks, Uddin, Kraemer, Earl, the 28th Precinct, Solis, Portnoy, Vickery, and the two Does.[2] *Watson III*, ECF 1. On September 12, 2024, the Court docketed its March 18, 2024 Standing Order requiring *pro se* litigants to apprise the court of address changes. *Id.*, ECF 5. On October 28, 2024, Plaintiff filed a notice of interlocutory appeal, apparently from the Standing Order, which is pending in the Second Circuit. 24-2942 (2d Cir.).

---

[2] *See also Watson v. DeBlasio*, No. 24-CV-6875 (LTS) (S.D.N.Y. Sept. 18, 2024) (dismissing complaint without prejudice as a duplicate of the one filed in No. 24-CV-6826). Plaintiff filed a notice of appeal from the dismissal without prejudice, which is pending in the Second Circuit.

4.       *Watson v. UAL Corp.*, No. 24-CV-6967 (LTS) ("*Watson IV*")

On September 6, 2024, Plaintiff filed a complaint against Shruti, Banks, and other Defendants, asserting 9/11-related claims. On October 18, 2024, Plaintiff again filed an interlocutory appeal from the March 18, 2024 Standing Order. *Id.*, ECF 4. On February 10, 2025, the Second Circuit dismissed because Plaintiff was in default. *Id.*, No. 24-2886 (2d Cir. Feb. 10, 2025)). *Watson IV* remains pending in this court.

## DISCUSSION

### A.  Claims against Sharpton, Jefferson, O'Brien, Drossman, Murray, and Shruti

For the reasons set forth in the orders of dismissal issued in *Watson I*, No. 23-CV-8958, 5 (LTS), *and Watson II*, No. 23-CV-9716, 5 (LTS), Plaintiff's claims against Sharpton, Jefferson, O'Brien, Drossman, and Shruti are dismissed for failure to state a claim on which relief may be granted.

### B.  Claims against Cortez Ben-Melech, San Miguel, Banks, Uddin, Kraemer, Earl, the 28th Precinct, Solis, Vickery, Portnoy, Gateway Properties L.P., and the Doe defendants

Plaintiff has a matter pending in this Court naming Awilda Cortez Ben-Melech, Stephanie Doe, April Doe, MD San Miguel, Kwikesh L. Banks, Officer Uddin, Officer Kraemer, Detective Earl, the 28th Precinct, Jack Vickery, Genadiy Portnoy, Felipe Solis, and Gateway Properties L.P. *Watson III*, No. 24-CV-6826 (LTS). As this complaint raises the same claims, no useful purpose would be served by litigating this duplicate lawsuit. The Court therefore dismisses this complaint without prejudice to *Watson III*.

### C.  Leave to amend

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects, but leave to amend may be denied if the plaintiff has already been given an opportunity

5

to amend but has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).

Plaintiff previously filed complaints naming Sharpton, Jefferson, O'Brien, Drossman, Murray, and Shruti. The Court dismissed *Watson I*, No. 23-CV-8958 (LTS), for failure to state a claim on which relief may be granted. *Id.*, ECF 5. The Court dismissed *Watson II*, No. 23-CV-9716 (LTS), and granted Plaintiff leave to replead his claims. *Id.*, ECF 5. Thereafter, the Court dismissed the amended complaint because it did not remedy the deficiencies in the original complaint. *Id.*, ECF 8. Nothing in this complaint suggests that the previously identified problems can be cured with amendment, and the Court therefore declines to grant Plaintiff another opportunity to amend his claims against the Defendants who were named in *Watson I* and *Watson II*.

Because Plaintiff has a pending complaint against Cortez Ben-Melech, San Miguel, Banks, Uddin, Kraemer, Earl, the 28th Precinct, Solis, Vickery, Portnoy, Gateway Properties L.P., and the Doe defendants, arising out of the same events underlying this complaint, *see Watson III,* No. 24-CV-6826 (LTS), the Court declines to grant Plaintiff replead his claims against them in this matter. Instead, the Court dismisses the claims against those Defendants without prejudice to those claims proceeding in *Watson III,* No. 24-CV-6826 (LTS).

D.   **Litigation history and warning**

As previously discussed, Plaintiff has filed complaints naming the same defendants who are named in this complaint and arising out of the same events. On March 1, 2024, in *Watson I*, the Court dismissed Plaintiff's Section 1983 claims against Sharpton, Jefferson, O'Brien, Drossman, Murray, and Shruti. On February 29, 2024, in *Watson II*, after granting Plaintiff leave to replead, the Court again dismissed those claims. Yet Plaintiff filed this complaint on

6

September 6, 2024, and named the same Defendants, without remedying the problems the Court identified in *Watson I* and *Watson II*.

In light of this litigation history, the Court finds that Plaintiff was or should have been aware that, with respect to his claims against those Defendants, this complaint lacked merit. *See Sledge v. Kooi*, 564 F.3d 105, 109-110 (2d Cir. 2009) (discussing circumstances where frequent *pro se* litigant may be charged with knowledge of particular legal requirements).

Plaintiff has a pending matter naming the other defendants. *See Watson III*, No. 24-CV-6826 (LTS). Plaintiff is warned that further duplicative litigation in this court may result in an order barring him from filing new actions IFP without prior permission. *See* 28 U.S.C. § 1651.

## CONCLUSION

The Court dismisses the claims against Defendants Sharpton, Jefferson, O'Brien, Drossman, Murray, and Shruti for failure to state a claim on which relief may be granted, 28 U.S.C. § 1915(a)(3). The Court dismisses the claims against Awilda Cortez Ben-Melech, Stephanie Doe, April Doe, MD San Miguel, Kwikesh L. Banks, Officer Uddin, Officer Kraemer, Detective Earl, the 28th Precinct, Jack Vickery, Genadiy Portnoy, Felipe Solis, and Gateway Properties L.P. without prejudice to the matter proceeding under No. 24-CV-6826 (LTS).

Plaintiff is warned that frivolous or duplicative litigation in this court may result in an order barring him from filing new actions IFP without prior permission. *See* 28 U.S.C. § 1651.

The Clerk of Court is directed to enter judgment dismissing this case.

SO ORDERED.

Dated:   May 19, 2025
         New York, New York

                                                */s/ Louis L. Stanton*
                                                   Louis L. Stanton
                                                      U.S.D.J.